Cite as 2019 Ark. App. 335

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-19-185

| | |
|---|---|
| | **Opinion Delivered:** June 5, 2019 |
| LESLIE MCDANIEL | |
| APPELLANT | APPEAL FROM THE POPE COUNTY CIRCUIT COURT |
| V. | [NO. 58JV-18-68] |
| | |
| | HONORABLE KENNETH D. COKER, JR., JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | |
| | AFFIRMED; MOTION TO |
| APPELLEES | WITHDRAW GRANTED |

## KENNETH S. HIXSON, Judge

Appellant Leslie McDaniel appeals from the termination of her parental rights to her son, L.G., who was born on May 23, 2018.[1] Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), Leslie's counsel has filed a no-merit brief and motion to withdraw, asserting that there are no issues of arguable merit to support an appeal and that she should be relieved as counsel. A copy of Leslie's counsel's brief and motion was mailed to Leslie, and after being informed of her right to file pro se points, Leslie declined to file any points. We affirm and grant appellant's counsel's motion to withdraw.

We review termination-of-parental-rights cases de novo. *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). At least one statutory ground must exist, in addition to a finding that it is in the child's best interest to terminate parental rights;

---

[1]The child's putative father died during the dependency-neglect proceedings.

these must be proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341(b)(3) (Repl. 2017); *Mitchell v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 715, 430 S.W.3d 851. Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Gray v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 24. The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Yarborough v. Ark. Dep't of Human Servs.*, 96 Ark. App. 247, 240 S.W.3d 626 (2006).

When L.G. was born, his meconium tested positive for methamphetamine. Leslie admitted using methamphetamine earlier that week. An Arkansas Department of Human Services (DHS) family-service worker informed Leslie that a home study would be necessary to ensure the baby's safety before the baby could be placed in her custody. Leslie gave the family-service worker an address and phone number and left the hospital. DHS workers repeatedly attempted to make contact with Leslie at her home, but they could never get anyone to answer the door. Phone calls to Leslie went unanswered. L.G. was scheduled to be discharged from the hospital eight days after his birth, on May 31, 2018. On that day, a DHS worker went to Leslie's house and saw three cars parked in the driveway. A pit bull was guarding the porch and barking viciously at the worker. An unidentified person quickly closed the front door. The DHS worker attempted to reach Leslie by phone but got no answer. DHS took an emergency hold of L.G. upon his release from the hospital and notified Leslie via text message.

2

On June 4, 2018, DHS filed a motion for emergency custody, and on the same day the trial court entered an ex parte order for emergency custody. A probable-cause order was entered on June 11, 2018. In the probable-cause order, Leslie was allowed reasonable visitation with L.G. contingent upon her submitting to a drug screen and not appearing under the influence of drugs or alcohol. Leslie was ordered to submit to random drug screens, complete parenting classes, maintain stable housing and employment, submit to a psychological evaluation, and submit to a drug-and-alcohol assessment and complete all recommendations.

The trial court entered an adjudication order on July 13, 2018. The trial court found L.G. dependent-neglected because he was at serious risk of harm due to inadequate supervision and his mother's drug use. The goal of the case was reunification.

A review hearing, at which Leslie did not appear, was held on September 17, 2018. At that hearing, the trial court considered a written motion by DHS to terminate reunification services. On September 21, 2018, the trial court entered a review order and an order terminating reunification services. In these orders, the trial court suspended Leslie's visitation and relieved DHS from providing services to Leslie. The trial court found by clear and convincing evidence that it was in L.G.'s best interest to terminate reunification services because Leslie had abandoned the child and there was little likelihood that services to Leslie would result in successful reunification.

In a permanency-planning order entered on October 15, 2018, the trial court found that the goal of the case shall be termination of parental rights and adoption. DHS filed a petition to terminate Leslie's parental rights on November 5, 2018. The termination hearing was held on November 26, 2018.

3

Leslie did not appear at the termination hearing. The only witness to testify at the hearing was DHS supervisor Victoria Smith.

Ms. Smith testified that Leslie had not had stable housing throughout the case and that DHS did not know where she was living. To Ms. Smith's knowledge, Leslie was not employed. Ms. Smith indicated that despite referrals by DHS, Leslie had not complied with any of the court-ordered services. Leslie had failed to submit to a drug-and-alcohol assessment, attend parenting classes, or submit to a psychological evaluation. Ms. Smith stated that Leslie had not visited L.G. at all since L.G. came into DHS custody. Ms. Smith stated that Leslie had attempted to visit the child only three times but that visitation was denied each time because she either tested positive for methamphetamine or refused to take a drug screen. Ms. Smith also stated that Leslie previously had her parental rights terminated as to a sibling of L.G. due to Leslie's failure to complete services in that case.

Ms. Smith gave the opinion that Leslie had abandoned her child, and she recommended termination of Leslie's parental rights. She stated that if parental rights were terminated, the plan was for L.G. to be adopted. Ms. Smith stated that L.G.'s foster parents were interested in adopting him and that it was very likely that L.G. would be adopted.

At the termination hearing DHS introduced, without objection, a certified copy of an order terminating Leslie's parental rights to her older son, K.M., who was born on October 6, 2016. In that termination order, which was entered on October 6, 2017, the trial court found that Leslie had abandoned K.M., having visited him only twice since coming into foster care and failing to maintain contact with DHS or comply with any of the court's orders.

4

On November 29, 2018, the trial court entered an order terminating Leslie's parental rights to L.G. The trial court found by clear and convincing evidence that termination of parental rights was in the child's best interest, and the court specifically considered the likelihood of adoption, as well as the potential harm of returning the child to Leslie's custody as required by Arkansas Code Annotated section 9-27-341(b)(3)(A). The trial court also found clear and convincing evidence of three statutory grounds under subsection (b)(3)(B). Pursuant to subsection (b)(3)(B)(iv), the trial court found that Leslie had abandoned the juvenile. Under subsection (b)(3)(B)(ix)*(a)(3)*, the trial court found that Leslie had subjected L.G. to aggravated circumstances, meaning that there was little likelihood that services to the family would result in successful reunification. Finally, under subsection (b)(3)(B)(ix)*(a)(4)*, the trial court found that Leslie had her parental rights involuntarily terminated as to a sibling of L.G.

In the no-merit brief, appellant's counsel accurately asserts that the only adverse ruling below was the termination itself. Appellant's counsel further asserts, correctly, that there could be no meritorious challenge to the sufficiency of the evidence to support termination of Leslie's parental rights.

Although the trial court found three statutory grounds for termination, only one ground is necessary to support the termination. *See Brown v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 303, 521 S.W.3d 183. In the termination order, the trial court found under Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)*(a)(4)* that Leslie had her parental rights involuntarily terminated as to a sibling of L.G. Because this ground was conclusively proved at the termination hearing, there can be no meritorious challenge to the statutory-ground element of the termination statute.

We also agree with appellant's counsel's assertion that there can be no meritorious challenge to the trial court's finding that termination of parental rights was in L.G.'s best interest. Leslie had not visited L.G. in the six-month period since his removal from her custody, and she failed to appear at the termination hearing. The testimony at the hearing showed that Leslie had no stable housing or employment and that she had not complied with any of the case plan. Leslie tested positive for methamphetamine just three months before the termination hearing and had otherwise refused drug screens or failed to make herself available for them. This evidence supports the trial court's finding that L.G. would be at risk of harm if returned to Leslie's custody. There was also testimony that the likelihood of adoption was very high and that L.G.'s foster parents were interested in adopting him. Based on the evidence presented, the trial court's finding that termination of Leslie's parental rights was in L.G.'s best interest was not clearly erroneous.

After examining the record and appellant's counsel's brief, we have determined that counsel has complied with our no-merit rules and that this appeal is wholly without merit. Accordingly, we affirm the order terminating appellant's parental rights and grant her counsel's motion to withdraw from representation.

Affirmed; motion to withdraw granted.

GLADWIN and SWITZER, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

One brief only.